UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELIISA HOAGLAND

      Plaintiff,

v.

UNIVERSITY OF MICHIGAN and
RITA MCPHERSON, in her individual
and official capacities,

      Defendants.
_____/

Case No. 12-13756
Honorable Patrick J. Duggan

**OPINION AND ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND (2) GRANTING PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT**

On August 24, 2012, Plaintiff Melissa Hoagland ("Plaintiff") filed this lawsuit against her former employer, the University of Michigan ("UofM"), and direct supervisor, Rita McPherson ("McPherson") (collectively "Defendants"). In her Complaint, Plaintiff asserts the following counts against Defendants: (I) failure to accommodate in violation of the Americans with Disabilities Act ("ADA") and Michigan's Persons with Disabilities Civil Rights Act ("PWDCRA"); (II) discrimination in violation of the ADA and PWDCRA; and, (III) retaliation, interference, coercion and/or intimidation in violation of the PWDCRA.

Presently before the Court is Defendants' motion to dismiss, filed pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) on October 10, 2012. After receiving Defendants' stipulation to an extension of time, Plaintiff filed a response to the motion on

November 2, 2012, in which she also seeks leave to amend her complaint to add disability discrimination and retaliation claims under the Rehabilitation Act against UofM and McPherson in her official capacity. Defendants filed a reply brief on November 13, 2012, and this Court held a motion hearing on December 17, 2012. For the reasons that follow, the Court grants in part and denies in part Defendants' motion to dismiss and grants Plaintiff's motion for leave to file an amended complaint.

## I.  Factual and Procedural Background

Plaintiff was employed by UofM, most recently as a Senior Billing Clerk. (Pl.'s Compl. ¶ 11.) She suffers from a disability, specifically chronic migraine headaches with aura. (*Id*. ¶ 21.)

During her employment, Plaintiff requested reasonable accommodations for her disability. (*Id*. ¶ 24.) In or around September 2009, Defendants denied Plaintiff's requests and withdrew previously granted accommodations. (*Id*. ¶ 27.) Plaintiff also claims that beginning in or about June 2010, Defendants subjected her to disparate treatment, discrimination and/or harassment on the basis of her disability and/or her requests for reasonable accommodation. (*Id*. ¶ 13.) Plaintiff further claims that she engaged in protected activity by opposing the above-mentioned acts and suffered retaliation as a result. (*Id*. ¶¶ 14, 16.) Plaintiff asserts that her termination, effective December 20, 2011, was retaliatory and that non-disabled employees were treated differently. (*Id*. ¶¶ 18(q), 19.)

After her termination, Plaintiff filed a charge of discrimination with the Equal

Employment Opportunity Commission ("EEOC"), alleging discrimination on the basis of her disability. (*Id.* ¶ 8.) On or about June 2, 2012, the EEOC issued Plaintiff a "right to sue notice." Plaintiff also filed a retaliation claim with the EEOC on September 6, 2012. (Pl.'s Resp. Br. at 1.) This latter charge is currently pending before the agency.[1] (*Id.*)

## II.     Defendants' Arguments and Plaintiff's Response

In their motion to dismiss, Defendants seek dismissal of Plaintiff's ADA claims against them and ask the Court to not exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

In support of their request for dismissal, Defendants argue that the sovereign immunity doctrine bars Plaintiff's ADA claims against UofM, regardless of whether Plaintiff is seeking damages or injunctive relief. As to McPherson in her official capacity, Defendants argue that she too is immune from liability for damages pursuant to the sovereign immunity doctrine and that Plaintiff fails to allege facts that would give rise to an actionable claim for prospective or injunctive relief. Alternatively, Defendants contend that McPherson is entitled to qualified immunity. With respect to Plaintiff's ADA claims against McPherson in her individual capacity, Defendants argue that there is no individual liability under the statute.

In response to Defendants' motion, Plaintiff concedes that her ADA claims against

---

[1] In her response brief, Plaintiff alerts the Court and Defendants that she will seek leave to further amend her complaint to allege retaliation in violation of the ADA once the EEOC issues her a right to sue letter. (Pl.'s Resp. Br. at 11.)

UofM are subject to dismissal. (Pl.'s Resp. Br. at 2.) She clarifies that she is pursuing her ADA claim against McPherson in her official capacity, only. (*Id*. at 1.) Because Plaintiff is seeking reinstatement, she argues that she has stated a viable claim for prospective injunctive relief against McPherson, in her official capacity.[2] Finally, as indicated above, Plaintiff moves to file an amended complaint adding Rehabilitation Act claims against Defendants.

Defendants, in reply, do not articulate a reason why the Court should deny Plaintiff's request to amend, indicating that they will "defer[] to this Court's discretion as to whether said motion should be granted." (Defs.' Reply Br. at 2.) Defendants continue to argue, however, that Plaintiff's ADA claims against McPherson in her official capacity fail to state a claim.

### III.  Standards for Motion to Dismiss and Motion to Amend[3]

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must

---

[2] Plaintiff concedes that the Eleventh Amendment bars any claim for damages under the ADA against McPherson in her official capacity.

[3] Plaintiff contends that the standard of review for Rule 12(b)(1) is moot based on her concession that her ADA claims against UofM are barred by sovereign immunity. (Pl.'s Resp. Br. at 2.) This Court agrees, given Plaintiff's additional concession that the Eleventh Amendment also bars any claim for money damages against McPherson. (*See id*. at 3.) Accordingly, the only issue remaining in dispute is whether Plaintiff states a claim for prospective injunctive relief against McPherson in her official capacity.

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668, 129 S. Ct. at 1950.

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is freely granted where justice so requires. *See* Fed. R. Civ. P. 15(a). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he [or she] ought to be afforded an opportunity to test his claim on the merits. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.* An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

**IV.   Applicable Law and Analysis**

    **A.   Whether Plaintiff states viable ADA claims against McPherson, in her official capacity**

The Eleventh Amendment to the United States Constitution bars "'any suit in law or equity, commenced or prosecuted against one of the United States.'" *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002) (quoting U.S. Const. amend. XI.) "The amendment also bars suits for monetary relief against state officials sued in their official capacity." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). Eleventh Amendment immunity, however, does not shield state officials sued in their official capacities from claims for injunctive relief. *Id.* (citing *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441 (1908)). To proceed, such claims "must seek prospective relief to end a continuing violation of federal law." *Id.* (citing *McDonald v. Vill. of Northport, Mich.*, 164 F.3d 964, 970-72 (6th Cir. 1999)). Here, the survival of Plaintiff's ADA claims against McPherson in her official capacity depends on whether Plaintiff states a valid claim for prospective relief.

> In her Complaint, Plaintiff requests *inter alia* the following relief:
>
> Award Plaintiff equitable relief including, but not limited to: an injunction directing Defendants to cease their discriminatory conduct and practices; full reinstatement to her employment and position with Defendants; and injunctive relief directing Defendants to provide Plaintiff her requested accommodations within a reasonable time . . .

(*See* Pl.'s Compl. at 7, 9, 11.) The Sixth Circuit has held "that claims for reinstatement are prospective in nature and appropriate subjects for *Ex Parte Young* actions." *Carten*, 282 F.3d at 396 (citing *Turker v. Ohio Dep't of Rehab. and Corrs.*, 157 F.3d 453, 459 (6th Cir. 1998)). More recently, the court held that a state employee terminated by her employer allegedly because of her disability stated a viable ADA claim against her

supervisor, a state official, where the plaintiff requested reinstatement. *Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011).

Defendants argue in reply that, in the above-cited cases, the Sixth Circuit failed to apply the Supreme Court's legal analysis from *Green v. Mansour*, 474 U.S. 64, 106 S. Ct. 423 (1985). However, this Court must presume that the appellate court was aware of the Supreme Court's decision and concluded that it did not mandate a different result when deciding *Turker*, *Carten*, and *Whitfield*. Whether or not the Sixth Circuit considered *Green*, this Court is bound by the circuit court's decisions. *See Sykes v. Anderson*, 625 F.3d 294, 319 (6th Cir. 2010) (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir.1985)) (indicating that a published prior decision from a panel of the court "remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or [the Sixth Circuit c]ourt sitting en banc overrules the prior decision."). In any event, this Court does not believe that *Green* is relevant as the Supreme Court had no need to address the plaintiffs' request for prospective injunctive relief in that case because a change of policy mooted the request. *See Green*, 474 U.S. at 72, 106 S. Ct. at 427.

Defendants also argue that McPherson is entitled to qualified immunity. However, qualified immunity is not a defense available to a state official sued in his or her official capacity. *Alkire v. Irving*, 330 F.3d 802, 811 (6th Cir. 2003) (citing *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S. Ct. 3099 (1985)) ("The only immunities that can be claimed in an official-capacity action are forms of sovereign immunity that the entity, *qua* entity,

may possess such as the Eleventh Amendment.").

For the above reasons, the Court concludes that Plaintiff states viable ADA claims for prospective injunctive relief against McPherson, in her official capacity, to survive Defendants' motion to dismiss.

### B.     Plaintiff's request for leave to amend

Plaintiff seeks to amend her complaint to add Retaliation Act claims against Defendants. Defendants do not contest Plaintiff's ability to assert viable claims under this statute against them. In other words, Defendants do not claim that the proposed amendment would be futile. The Court finds no other basis for denying Plaintiff's request.

Accordingly, the Court is granting Plaintiff's request for leave to file an amended complaint.

### V.    Conclusion

As discussed above, Plaintiff concedes that Eleventh Amendment immunity bars her ADA claims against UofM for monetary and/or injunctive relief and against McPherson in her official capacity for monetary relief. Plaintiff, however, states viable failure to accommodate and discrimination claims under the ADA for prospective injunctive relief against McPherson in her official capacity. Plaintiff makes clear that she is not suing McPherson individually under the ADA. The Court is allowing Plaintiff to file an amended complaint to add Rehabilitation Act claims against Defendants. Defendants also ask the Court to not exercise supplemental jurisdiction over Plaintiff's

PWDCRA claims, a request the Court declines.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**;

**IT IS FURTHER ORDERED**, that Plaintiff's motion for leave to file an amended complaint is **GRANTED** and Plaintiff has fourteen (14) days to file her amended complaint.

Dated: December 18, 2012                    s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Kathleen L. Bogas, Esq.
Charlotte Croson, Esq.
Donica Thomas Varner, Esq.